# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 30, 2024

```
* * * * * * * * * * * * *
JENNIFER GROSS,                    *      UNPUBLISHED
                                   *
            Petitioner,            *      No. 17-1075V
                                   *
v.                                 *      Special Master Dorsey
                                   *
SECRETARY OF HEALTH                *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * *
```

<u>Lawrence R. Cohan</u>, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner.
<u>Colleen Clemons Hartley</u>, U.S. Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 8, 2017, Jennifer Gross ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered Guillain-Barré Syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") as the result of a pneumococcal conjugate ("Prevnar 13") vaccination she received on September 22, 2016.  Petition at Preamble (ECF No. 1).  On September 22, 2022, the undersigned issued a Ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated Sept. 22, 2022 (ECF No. 146).  On June 26, 2023, the undersigned issued a Decision awarding damages based on a proffer.  Decision Awarding Damages Based on Proffer dated June 26, 2023 (ECF No. 170).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On October 16, 2023, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. Mot."), filed Oct. 16, 2023 (ECF No. 175). Petitioner requests compensation in the amount of $230,121.48, representing $122,623.00 in attorneys' fees and $107,498.48 in costs.[3] Id. at 2-3. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. at 2; Pet. Mot., Exhibit ("Ex") C. Respondent filed his response on October 17, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Oct. 17, 2023, at 2 (ECF No. 176). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $213,240.57.

**I.     DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioner was awarded compensation pursuant to the Ruling on Entitlement and proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

**A.     Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

---

[3] Petitioner's costs were $107,498.48, not $107,498.45, and thus, the total request was updated.

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

   i.     **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Paul Brazil, $325.00 per hour for work performed in 2019; for Ms. Shealene Mancuso, $275.00 per hour for work performed in 2020; and for Ms. Bridget McCullough, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, $300.00 per hour for work performed in 2022, and $350.00 per hour for work performed in 2023.  Petitioner also requests rates between $125.00 and $177.00 per hour for work of her counsel's paralegals from 2019 to 2023.

The undersigned finds the 2019 to 2022 rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.  Additionally, the undersigned finds the 2023 rate for Mr. Cohan and his paralegals reasonable and will award the requested rates.  Mr. Cohan has been litigating civil cases for over 44 years, with more than 30 years in the Vaccine Program.  Mr. Cohan's requested rate is also within the range of acceptable rates per the 2023 fee schedule.

   ii.    **Reasonable Hours Expended**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, a small reduction is necessary due to paralegals billing for administrative tasks such as filing documents and for occasional and excessive time spent reviewing routine court filings.[4] See Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). This is not a new issue to counsel. See Massey v. Sec'y of Health & Hum. Servs., No. 16-1185V, 2023 WL 2364825, at *2 (Fed. Cl. Spec. Mstr. Feb. 9, 2023). The undersigned will cut the paralegal time by 20%. This results in a reduction of $1,040.50.[5]

### B. Attorneys' Costs

Petitioner requests a total of $107,498.48 in attorney's costs. This amount is comprised of the filing fee, acquiring medical records, FedEx and other shipping costs, work performed by Petitioner's medical experts Dr. Daniel Stein and Dr. Lawrence Steinman, and costs related to mediation and the entitlement hearing. The undersigned has reviewed the requested costs and finds them to be mostly well-supported and reasonable; however, reductions are necessary.

First, Petitioner requests shipping costs on February 22, 2023, March 29, 2023, April 12, 2023, and August 23, 2023. Pet. Mot. at 38. However, Petitioner only provided support for shipping in March and August 2023. Id. at 105-06. This results in a reduction of $140.41.[6]

Second, Petitioner requests $54,900.00 for 78.50 hours of work of work performed by Dr. Daniel Stein at a rate of $700.00 per hour. Pet. Mot. at 66, 68-69, 71-73. After a review of all three of Dr. Stein's invoices, it appeared that his third invoice may inaccurately reflect the time spent on tasks. The undersigned indicated that she was unable to reimburse Dr. Stein without a letter of explanation or affidavit explaining the differences in his invoices and to provide a true and accurate accounting of the time he spent on the case. Order dated Mar. 26, 2024 (ECF No. 177). After a review of Dr. Stein's affidavit and corrected invoice, the undersigned will grant Dr. Stein's request for 78.50 hours of work. However, in accordance with a previous decision, the undersigned must reduce Dr. Stein's rate from $700.00 to $500.00 per hour. See Tiedemann v. Sec'y of Health & Hum. Servs., No. 19-0132V, 2023 WL 5791844, at *2 (Fed. Cl. Spec. Mstr. July 21, 2023 (the undersigned awarding Dr. Stein a rate of $500.00 per hour). This results in a reduction of $15,700.00.[7]

---

[4] For example, there were 69 entries for filing documents, 29 entries for bate-stamping exhibits, and over 100 entries for "received, saved, and calendared" deadlines.

[5] Total paralegal time over the course of litigation was $5,202.50. Pet. Mot., Ex. A. $5,202.50 x 0.20 = $1,040.50.

[6] $71.96 (February 2023) + $68.45 (April 2023) = $140.41.

[7] ($700.00 - $500.00) x 78.50 hours = $15,700.00

4

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $122,623.00 |
| (Total Reduction from Billing Hours) | - $1,040.50 |
| **Total Attorneys' Fees Awarded** | **$121,582.50** |
| | |
| Attorneys' Costs Requested | $107,498.48 |
| (Reduction of Costs) | - $15,840.41 |
| **Total Attorneys' Costs Awarded** | **$91,658.07** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$213,240.57** |

**Accordingly, the undersigned awards $213,240.57 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Lawrence Cohan.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

                               s/Nora Beth Dorsey
                                Nora Beth Dorsey
                                Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.